UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LARRY ROLLINS | CIVIL ACTION NO. 18-1220 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| JERRY GOODWIN | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Petitioner Larry Rollins, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed the instant Petition for Writ of Habeas Corpus on September 17, 2018, under 28 U.S.C. § 2254. He attacks his attempted second degree murder conviction, as well as the thirty-year sentence imposed by the Fourth Judicial District Court, Parish of Ouachita.[1] For the following reasons, it is recommended that the Petition be dismissed.

### Background

On May 2, 2016, Petitioner pled guilty to attempted second degree murder. [doc. #s 1, p. 1; 1-3, pp. 6-8]. The same day, the trial judge sentenced Petitioner to thirty years of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. [doc. # 1-3, p. 8]. Petitioner did not appeal his conviction or sentence.[2] [doc. # 1, p. 1].

Petitioner filed an application for post-conviction relief before the Fourth Judicial District Court, claiming: (1) his guilty plea was invalid because the trial judge and the State misinformed

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Petitioner responded, "yes," when the trial judge asked if he understood that, by pleading guilty, he was "giving up the right to appeal the sentence" he received. [doc. # 1-3, p. 7].

him that, if he pled guilty, the State would not charge him for murder even if the victim eventually died from the wound allegedly caused by Petitioner; and (2) his trial counsel was ineffective because counsel failed to advise Petitioner that the trial judge and the State misinformed him. [doc. #s 1, pp. 6-7; 1-3, p. 3]. On October 14, 2016, the Fourth Judicial District Court denied the petition on the merits. [doc. # 1-3, p. 3]. On April 5, 2017, the Second Circuit Court of Appeal denied Petitioner's writ application "on the showing made[,]" citing *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 2. Notably, on August 3, 2018, the Supreme Court of the State of Louisiana declined to consider Petitioner's writ because it was untimely under LA. SUP. CT. R. X § 5. *Id.* at 1.

Petitioner filed the instant Petition on September 17, 2018, raising the same claims he raised (or attempted to raise) before the state courts on post-conviction review. [doc. # 1, pp. 5, 7].

## Law and Analysis

The Court cannot consider Petitioner's claims because he failed to properly present them to the Supreme Court of the State of Louisiana for review prior to filing the instant Petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call

> to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation. It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must present his claims to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, Petitioner did not appeal his claims, and when he attempted to present them to the Louisiana Supreme Court on collateral review, the court found the claims untimely under La. Sup. Ct. R. X § 5.[3] [doc. # 1-3, p. 1]. As he did not properly present his claims to the State's highest court, the claims remain unexhausted. See *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (observing that, to give a state court "a fair opportunity" to review a claim, the petitioner must present his claims in a "procedurally proper manner according to the rules of the state courts."); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that, when a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not

---

[3] Louisiana Supreme Court Rule X § 5(a) provides, "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted."

"fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine).

However, "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Here, because LA. SUP. CT. R. X § 5 would prevent Petitioner from returning to the Louisiana Supreme Court and exhausting his claims, his claims are "technically" exhausted.[4] See *Johnson v. Deville*, 2010 WL 2628640, at *6 (M.D. La. May 4, 2010), report and recommendation adopted, 2010 WL 2640166 (M.D. La. June 28, 2010) (reasoning that the Louisiana Supreme Court would not allow a petitioner to resurrect claims that he failed to timely present before because doing so "would constitute an extension of" the time limits in LA. SUP. CT. R. X § 5, and LA. SUP. CT. R. X § 5 expressly provides that "[n]o extension of time therefor will be granted.").

When a petitioner's claims are technically exhausted, because "he allowed his state law remedies to lapse[,] . . . there is no substantial difference between nonexhaustion and procedural default." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); see *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where . . . the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would

---

[4] Moreover, Petitioner could not return to the trial court and pursue another round of post-conviction review because, under LA. CODE CRIM. PROC. art. 930.4(D), "A successive application shall be dismissed if it fails to raise a new or different claim." Likewise, he could not return and pursue a direct appeal because, under LA. CODE CRIM. PROC. art. 914(B), "The motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken." See also LA. CODE. CRIM. PROC. art. 930.8 ("No application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final . . . .").

now find the claims procedurally barred."). Here, while technically exhausted, petitioner's claims are procedurally barred.

A petitioner, however, may be excepted from the procedural default rule if he can show cause for his default and "prejudice attributed thereto," or if he can demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that a petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim or objection despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486. In addition, neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Here, Petitioner does not offer any cause for his procedural default (perhaps predictably as the Court recognizes Petitioner's procedural default sua sponte).[5] See *Magouirk*, 144 F.3d at 358 ("[A] federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default sua sponte and then apply that default as a bar to further litigation of petitioner's claims.").

Having failed to show an objective cause for his default, the Court need not determine whether prejudice exists. See *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to

---

[5] That said, the form Petition that Petitioner used to initiate this proceeding specifically asked him to "explain why" he "did not exhaust [his] state remedies . . . ." [doc. # 1, pp. 5, 7]. Petitioner did not provide an explanation. *Id.*

whether 'prejudice' is shown."). The undersigned does note, however, that even if Petitioner did establish cause for his default, it is unlikely that he could establish prejudice because he provides no reason to suspect that the Louisiana Supreme Court would rule in his favor on the defaulted claims.

Thus, Petitioner's claims are procedurally barred from review absent a showing that a fundamental miscarriage of justice will occur if the Court does not review the merits of the claims. To establish a fundamental miscarriage of justice, Petitioner must provide evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Petitioner must show that, "but for constitutional error, no reasonable fact-finder would have found [him] guilty of the underlying offense." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Here, Petitioner presents no new evidence and does not argue that a fundamental miscarriage of justice will occur if the Court does not review his claims.[6] Accordingly, his claims should be denied because he failed to exhaust his state court remedies and, although now technically exhausted, the claims are procedurally defaulted.

---

[6] The undersigned finds it unlikely that Petitioner will demonstrate actual innocence. First, Petitioner pled guilty and confessed to the charge. Second, the success of his claims is not predicated on his innocence. Third, as the trial court observed, overturning his guilty plea "would not be beneficial" given "the circumstances of [the] crime [and] the strength of the evidence . . . ." [doc. # 1-3, p. 3].

This Report and Recommendation provides Petitioner with notice that his claims are procedurally defaulted absent either cause and prejudice or a fundamental miscarriage of justice.[7] The fourteen-day objection period provides Petitioner with an adequate opportunity to respond.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Larry Rollins' Petition for Writ of Habeas Corpus, [doc. # 1], be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

---

[7] See *Magouirk*, 144 F.3d at 359 (holding that "the Magistrate Judge's Memorandum and Recommendation placed [the petitioner] on notice that procedural default was a potentially dispositive issue with respect to three of his claims.").

appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 29th day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE